Judge Mills
delivered the Opinion of the Court.
The, complainant, below, now appellant, filed his al]eS*,,S tkat he had the eldest patent and a special entry on a tract of land, and had had twenty years undisturbed possession thereof; that the appellee, Clitics, had a junior patent covering life same, and some adjoining land, and had brought an action of ejectment against others out side of his bounda,.y3 ami liad named his tenant, as one of the tenants possession, but had never served the notice and declaration upon his tenant or himseEf; that the other tenants had entered themselves defendants, and a cecovory 'yas bad against them, and that when the writ of possession was sued out, it was against Ais tenant, also, and Chiles had threatened to execute it llPon <cnani- Be prayed an injunction, and that Chiles might be compelled to release his claim. On demurrer, the court dissolved the injunction and ‘dismissed the bill with costs; from which decree he has appealed- We agree with the court below that, from the. complainants own statements, he had tio *341 seed of an injunction, that if there was no judgment either against him or tenant, the writ could not affect him, and that if there was an an attempt to execute the writ on his possession, he had ample remedy in a court of law, which could correct the abuse of its own process. But still we think that the court erred iu dismissing the bill. For an Act of assembly of this state expressly authorizes the holder of an elder grant, to file his bill against a junior patentee, and to try the merits of, and procure a release of the younger patent, and the bill of the complainant substantially makes out a case within the statute.
Triplett for plaintiff; Mayes for defendant.
The decree is, therefore, reversed with costs, the cause remanded, for new proceedings, not inconsistent with this opinion.